UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| RON PAUL 2012 PRESIDENTIAL CAMPAIGN COMMITTEE, INC., <br><br> Plaintiff, <br> v. <br> JOHN DOES, 1-10, <br><br> Defendants. _____/ | No. C 12-0240 MEJ <br><br> **ORDER RE PLAINTIFF'S EX PARTE APPLICATION FOR EXPEDITED DISCOVERY (DKT. NO. 5)** |

On January 13, 2012, Plaintiff initiated this lawsuit against Defendants John Doe 1 through 10 for (1) false designation of origin, (2) false advertising, and (3) common law libel and defamation. Dkt. No. 1. Five days later, Plaintiff filed an ex parte application seeking to take expedited discovery from YouTube and Twitter so that it could learn the identities of the Doe defendants. Dkt. No. 5.

Pursuant to FRCP 26(d)(1), courts may authorize early discovery before the FRCP 26(f) conference for the parties' convenience and in the interest of justice. Courts within the Ninth Circuit generally use a "good cause" standard to determine whether to permit such discovery. *See, e.g., Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F.Supp.2d 1040, 1042 (N.D. Cal. 2011); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. In determining whether there is good cause to allow expedited discovery to identify anonymous internet users named as doe defendants, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity such that the court can determine that defendant is a real person or entity

who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also Incorp Services, Inc. v. Does 1-10*, 2011 WL 5444789, at *1 (N.D. Cal. Nov. 9, 2011).

Plaintiff's ex parte application fails to address the above legal issues that this Court evaluates when considering whether to grant expedited discovery. *See Openmind Solutions, Inc. v. Does 1-39*, 2011 WL 4715200, at *1 (N.D. Cal. Aug. 23, 2011). Accordingly, the ex parte application is DENIED WITHOUT PREJUDICE to Plaintiff refiling another request for expedited discovery that addresses the applicable legal standards and includes the proper evidentiary support.

**IT IS SO ORDERED.**

Dated: January 25, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge