Paul Alan Levy (DC Bar No. 946400)
Scott Michelman (Bar No. 236574)
Email: smichelman@citizen.org
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009
Telephone: 202/588-1000
Facsimile:  202/588-7795

Aden J. Fine (Bar No. 186728)
Email: afine@aclu.org
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, New York 10004
Telephone: 212/549-2693
Facsimile: 212/549-2654

Matthew Zimmerman (Bar No. 212423)
Email:  mattz@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110
Telephone: 415/436-9333 x127
Facsimile: 415/436-9993

Attorneys for Amici Curiae

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON PAUL 2012 PRESIDENTIAL CAMPAIGN COMMITTEE, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DOES 1-10, INCLUSIVE<br><br>Defendants. | No. CV-12-0240-MEJ<br><br>**MOTION OF PUBLIC CITIZEN, AMERICAN CIVIL LIBERTIES UNION, ELECTRONIC FRONTIER FOUNDATION AND DIGITAL MEDIA LAW PROJECT FOR LEAVE TO FILE AS AMICI CURIAE ADDRESSING THE PROPER STANDARD FOR EARLY DISCOVERY TO IDENTIFY ANONYMOUS POLITICAL SPEAKERS** |

For the reasons set forth in the attached memorandum, Public Citizen, American Civil Liberties Union, Digital Media Law Project, and Electronic Frontier Foundation move the Court to grant them leave to file the accompanying memorandum as amici curiae seeking clarification of the Court's January 25, 2011, order setting the standard that the plaintiff should meet in any future motion for leave to take early discovery from Google and Twitter seeking information identifying the Doe defendants in this case. Amici request that the Court apply the standard set forth in the numerous other rulings from district judges in this District, as well as state appellate and federal district courts throughout the country that have addressed the proper standard to be applied to political speech and citizen criticism like the speech at issue in this case.

Paul Alan Levy (DC Bar No. 946400)
Scott Michelman (Bar No. 236574)
Email: smichelman@citizen.org
Public Citizen Litigation Group
1600 20th Street, NW
Washington, DC  20009
Telephone: 202/588-1000
Facsimile:  202/588-7795

Aden J. Fine (Bar No. 186728)
Email: afine@aclu.org
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
New York, New York 10004
Telephone: 212/549-2693
Facsimile: 212/549-2654

Matthew Zimmerman (Bar No. 212423)
Email:  mattz@eff.org
Electronic Frontier Foundation
454 Shotwell Street
San Francisco, California 94110
Telephone: 415/436-9333 x127
Facsimile: 415/436-9993

Attorneys for Amici Curiae

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RON PAUL 2012 PRESIDENTIAL CAMPAIGN COMMITTEE, INC., a Delaware Corporation, | ) ) ) | No. CV-12-0240-MEJ |
| Plaintiff, | ) ) ) ) ) | **MEMORANDUM OF PUBLIC CITIZEN, AMERICAN CIVIL LIBERTIES UNION, ELECTRONIC FRONTIER FOUNDATION AND DIGITAL** |
| v. | ) ) | **MEDIA LAW PROJECT IN SUPPORT OF MOTION FOR LEAVE** |
| DOES 1-10, INCLUSIVE | ) ) | **TO FILE AS AMICI CURIAE ADDRESSING THE PROPER** |
| Defendants. | ) ) ) **)** ) | **STANDARD FOR EARLY DISCOVERY TO IDENTIFY ANONYMOUS POLITICAL SPEAKERS** |

Public Citizen, American Civil Liberties Union, Digital Media Law Project, and Electronic Frontier Foundation have moved the Court to grant them leave to file the accompanying memorandum as amici curiae addressing the proper standard that the plaintiff should meet in any future motion for leave to take early discovery from Google and Twitter seeking information identifying one of the Doe defendants in this case, for the following reasons:

1. This is an action by the presidential campaign committee for Congressman Ron Paul, alleging that anonymous Internet users who created and posted to YouTube a video criticizing the candidacy of former Utah Governor Jon Huntsman because of his fluency in Chinese and his ties to China thereby infringed Mr. Paul's common law trademark and defamed the campaign committee. The basis for these claims is that the video closes with a plea to vote for Mr. Paul for President and that the pseudonym used for posting the YouTube video is NH4LibertyPaul; plaintiff contends that these phrases improperly imply that the campaign committee itself is responsible for the video, and that this implication is false.  Plaintiff then filed a motion for leave to take immediate discovery to identify the defendants, relying on authority that allows pro se prisoners to learn the names of police officers or prison officials who participated in their mistreatment, and on authority enables the owners of copyrights in sound recordings to identify individuals who have used file-sharing software to download their recordings.  However, well-established precedent in this District, as well as in state and federal courts throughout the United States requires courts to balance a plaintiff's interest in proceeding with a valid lawsuit against the First Amendment right of anonymous speakers to retain their anonymity by requiring an evidentiary showing that there is a realistic chance that the lawsuit will be successful.

2. On Wednesday, the Court denied the motion for early discovery without prejudice.  But amici are worried that the Court's ruling sets a standard for plaintiff to meet that is much lower than

other judges in this district have required in cases involving speech critical of the plaintiff that is protected by the First Amendment.  These cases were omitted from plaintiff's ex parte motion for leave to take early discovery—in the view of amici, improperly so—but the very existence of the Court's ruling will embolden other lawyers representing plaintiffs to file ex parte motions that cite that decision and ignore previous cases from this district that demand much more of plaintiffs.  The Court's decision has already been cited by a law blogger as setting the standard for discovery in defamation cases.  http://blog.internetcases.com/2012/01/26/ron-paul-not-allowed-to-find-out-who -posted-mean-video-about-jon-huntsman-on-youtube/.  And this Court's standard for identifying anonymous speakers is particularly important because so many Internet Service Providers who receive such subpoenas, including Google, Twitter, and Yahoo!, are located within this district. Moreover, if the Court decides to adopt the standard, drawn from previous decisions in this district, that amici propose, it would be more fair for plaintiff to know that in advance so that it can frame any future motion for early discovery in this case accordingly.

3.  Amici, four non-profit organizations that have played a leading role in developing the national consensus standard regarding the test for identifying anonymous Internet speakers, explain in this brief why the higher standard should apply in this case.

a. Public Citizen is a consumer advocacy organization based in Washington, D.C.  It has more than 225,000 members and supporters, nearly 42,000 of them in California.  Since its founding in 1971, Public Citizen has encouraged public participation in civic affairs and has brought and defended numerous cases involving the First Amendment rights of citizens who participate in civic affairs and public debates. *See generally* http://www.citizen.org/litigation/briefs/internet.htm.  In particular, over the past eleven years, Public Citizen has represented Doe defendants or Internet forum hosts or been the lead counsel on briefs (and often argument) as amicus curiae in cases in which subpoenas have

-3-

1  sought to identify hundreds of authors of anonymous Internet messages. The courts in these and other cases have adopted (sometimes with slight modifications) a standard for deciding such cases that was originally developed and suggested by Public Citizen, and adopted by the New Jersey Appellate Division in *Dendrite Int'' v. Doe*, 775 A.2d 756 (N.J. App. 2001).

     b. The Electronic Frontier Foundation ("EFF") is a non-profit, member-supported civil liberties organization working to protect rights in the digital world.  EFF actively encourages and challenges industry, government and the courts to support free expression, privacy, and openness in the information society.  EFF has repeatedly served as both amicus and counsel in cases involving online anonymity rights, including in this district in *USA Technologies v. Doe*, 713 F. Supp.2d 901 (N.D. Cal. 2010).  Founded in 1990, EFF is based in San Francisco, California.  EFF has members all over the United States and maintains one of the most linked-to websites (http://www.eff.org) in the world.  Currently, EFF is supported by over 3,300 paying members in California.  In addition, more than 8,400 California residents subscribe to EFF's weekly e-mail newsletter, EFFector.

     c. The American Civil Liberties Union ("ACLU") is a nationwide, nonprofit, nonpartisan organization with over 500,000 members, dedicated to the principles of liberty and equality embodied in the Constitution and our nation's civil rights laws.  Founded in 1920, the ACLU has vigorously defended free speech for over ninety years in federal courts to protect the constitutional guarantees afforded free speech and free expression by the First Amendment.  The ACLU has also been at the forefront in supporting efforts to ensure that the Internet remains a free and open forum for the exchange of information and ideas.  ACLU attorneys have represented parties or amici in numerous cases involving free speech on the Internet, including *ACLU v. Reno*, 521 U.S. 844 (1997) and *Ashcroft v. ACLU*, 535 U.S. 564 (2002).

d. Founded in 2007, the mission of the Digital Media Law Project ("DMLP") is to serve as a catalyst for creative thinking about the intersection of law and journalism on the Internet, and to provide those engaged in digital journalism with the assistance, training, research, and other resources necessary to promote innovation and entrepreneurship. Through a variety of initiatives, and with the active engagement of lawyers and scholars, the DMLP works to build a community of lawyers, academics, and others who are interested in facilitating citizen participation in online media and protecting the legal rights of those engaged in speech on the Internet. The DMLP is affiliated with Harvard University's Berkman Center for Internet & Society, a research center founded to explore cyberspace, share in its study, and help pioneer its development. The DMLP has appeared as an amicus in numerous cases involving freedom of speech online (among them cases involving anonymous speech), including: *Bank Julius Baer & Co. Ltd v. Wikileaks*, 535 F.Supp.2d 980 (N.D. Cal. 2008); *Maxon v. Ottawa Publ'g Co.*, 929 N.E.2d 666 (Ill. App. Ct. 2010); *Barnes v. Yahoo! Inc.*, 570 F.3d 1096 (9th Cir. 2009); *The Mortgage Specialists v. Implode-Explode Heavy Industries*, 999 A.2d 184 (N.H. 2010); *Barclays Capital v. Theflyonthewall.com, Inc.*, 650 F.3d 876 (2d Cir. 2011); and *Jenzabar, Inc. v. Long Bow Group*, No. 2011-P-1533 (Mass. App. Ct. January 18, 2012).

4. Since the turn of the century, amici have sought to encourage the development of First Amendment precedent requiring courts to cast a skeptical eye on subpoenas that seek to compel the identification of anonymous Internet speakers, and they have been involved in many of the major cases in which the standard for deciding whether to allow or to enforce such subpoenas has been established, beginning with cases such as *Melvin v. Doe*, 836 A.2d 42 (Pa. 2003); *Dendrite v. Doe*, 775 A.2d 756 (N.J. App. 2001); *Doe v. 2theMart.com*, 140 F. Supp.2d 1088, 1093 (W.D. Wash. 2001), and continuing into the present. E.g., *Koch Industries v. Doe*, 2011 WL 1775765 (D. Utah May 9, 2011); *USA Technologies v. Doe*, 713 F. Supp.2d 901 (N.D. Cal. 2010). In some of these cases, amici have

represented Does and Internet Service Providers in responding to subpoenas; in others, amici have appeared as amicus curiae, often signing the same brief. In addition, in *Mick Haig Productions v. Does 1-670*, 2011 WL 5104095 (N.D. Tex. Sept. 9, 2011), attorneys for Public Citizen and EFF were appointed as guardians ad litem for the anonymous Internet users to respond to a motion for leave to take discovery to identify the defendants who were sued for allegedly downloading a pornographic film entitled "Der Gute Onkel." Most recently, Public Citizen, EFF and the ACLU filed an amicus brief supporting application of the consensus standard in *Art of Living v. Does 1-10*, 2011 WL 5444622 (N.D. Cal. Nov. 9, 2011).

5. This experience makes amici uniquely well equipped to explain to the Court what standard should be applied to any renewed motion for leave to take early discovery that the Paul campaign committees may file, and why that standard cannot be met in these circumstances. In addition, plaintiff's motion for leave to take early discovery withheld significant and indeed controlling authority from the Court, which is particularly troublesome because the motion was filed ex parte, hence depriving the Court of the benefits of the adversary system to bring that authority to its attention. Regrettably, the filing of similar motions for early discovery has become commonplace in this district and elsewhere. Amici urge the Court to remind counsel of their obligation to identify adverse authority in ex parte motion papers.

6. Counsel for plaintiff, James Davis, Esquire, stated that plaintiff does not consent to this motion.

## CONCLUSION

Amici's motion for leave to file the attached brief should be granted.

                                /s/ Scott Michelman
                              Paul Alan Levy (DC Bar No. 946400)

-6-

1 | Scott Michelman (Bar No. 236574)
2 | Public Citizen Litigation Group
Email: smichelman@citizen.org
3 | 1600 20th Street N.W.
Washington, D.C. 20009
4 | Telephone: 202/588-1000
Facsimile: 202/588-7795
5 |
   /s/ Matthew Zimmerman
6 | Matthew Zimmerman (Bar No. 212423)
7 | mattz@eff.org
Electronic Frontier Foundation
8 | 454 Shotwell Street
San Francisco, California 94110
9 | Telephone: 415/436-9333 x127
Facsimile: 415/436-9993
10 | www.eff.org
11 |    /s/   Aden J. Fine
Aden J. Fine (Bar No. 186728)
12 |
13 | afine@aclu.org
American Civil Liberties Union Foundation
125 Broad St., 18th Floor
14 | New York, New York 10004
Telephone: 212/549-2693
15 | Facsimile: 212/ 549-2654

16 | January 27, 2012     Attorneys for Amici Curiae

-7-

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 27th day of January, 2012, I filed this Motion for Leave to File as Amici Curiae, and the accompanying amicus brief, through the Court's ECF system, which will cause copies to be served electronically on counsel for all parties.

Respectfully submitted,

 /s/ Scott Michelman
Scott Michelman

Public Citizen Litigation Group
1600 20th Street NW
Washington, D.C. 20009
(202) 588-1000
smichelman@citizen.org

Attorney for Amici Curiae

-8-

No. CV-12-0240-MEJ, MOTION OF PUBLIC CITIZEN ET AL. FOR LEAVE TO FILE AS AMICI CURIAE