1    JERROLD ABELES (SBN 138464)
     Abeles.Jerry@arentfox.com
2    DAVID G. BAYLES (SBN 208112)
     Bayles.David@arentfox.com
3    ARENT FOX LLP
     555 West Fifth Street, 48th Floor
4    Los Angeles, CA 90013-1065
     Telephone: 213.629.7400
5    Facsimile: 213.629.7401

6    MICHAEL A. GROW (*pro hac vice application pending*)
     Grow.Michael@arentfox.com
7    JAMES R. DAVIS II (*pro hac vice application pending*)
     Davis.James@arentfox.com
8    ARENT FOX LLP
     1050 Connecticut Avenue, NW
9    Washington, DC 20036-5339
     Telephone: 202.857.6000
10   Facsimile: 202.857.6395

11   Attorneys for Plaintiff
     RON PAUL 2012 PRESIDENTIAL CAMPAIGN COMMITTEE, INC.
12

13               **UNITED STATES DISTRICT COURT**

14               **NORTHERN DISTRICT OF CALIFORNIA**

15
     RON PAUL 2012 PRESIDENTIAL          Case No. CV-12-00240-MEJ
16   CAMPAIGN COMMITTEE, INC.
     A Delaware Corporation,              **PLAINTIFF'S EX PARTE**
17                                        **APPLICATION FOR EXPEDITED**
                                          **DISCOVERY; AMENDED**
18                    Plaintiff,          **MEMORANDUM OF POINTS AND**
                                          **AUTHORITIES IN SUPPORT**
19                                        **THEREOF**
               v.
20
                                          **[DECLARATION OF JESSE**
21   John Does, 1 through 10,             **BENTON, REQUEST FOR**
                                          **JUDICIAL NOTICE AND**
22                    Defendants.         **[PROPOSED] ORDER GRANTING**
                                          **EX PARTE APPLICATION WERE**
23                                        **FILED/LODGED PREVIOUSLY;**
                                          **DECLARATION OF MICHAEL A.**
24                                        **GROW FILED CONCURRENTLY**
                                          **HEREWITH]**
25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   Plaintiff Ron Paul 2012 Presidential Campaign Committee, Inc. ("Plaintiff")

2   respectfully applies to the Court *ex parte* for leave to take depositions and obtain

3   documents from YouTube, Inc. ("YouTube") and Twitter, Inc. ("Twitter") on an

4   expedited basis.  Specifically, Plaintiff requests leave to promptly take depositions

5   and obtain documents from YouTube and Twitter to learn the identities of the Doe

6   defendants in this action and to require YouTube and Twitter to respond within 10

7   days of service of the subpoenas.

8   This discovery is needed to enable Plaintiff to identify the Does responsible

9   for engaging in the conduct complained of in the Complaint filed in this action.

10  The Complaint sets out information currently known to Plaintiff regarding

11  Defendants' acts of false designation of origin, false advertising, and libel.  More

12  detailed information of Defendants is available only through the proposed

13  discovery.  The discovery needs to be expedited so that the information can be

14  utilized to identify the Doe defendants and to provide them with notice of a

15  proposed preliminary injunction hearing.  Moreover, as shown in the accompanying

16  memo, the arguments raised in the Amici Brief filed by the Public Citizen

17  Litigation Group and others provide no justification for denying the motion for

18  expedited discovery.  For these reasons, Plaintiff respectfully requests that the

19  Court issue an order allowing Plaintiff to take the expedited depositions and obtain

20  document production.

21  Dated:   February 10, 2012                    Respectfully submitted,

22                                               ARENT FOX LLP

23

24                                               By:____/s/ Jerrold Abeles_____

25                                               JERROLD ABELES
                                                 DAVID G. BAYLES
26

27                                               Attorneys for Plaintiff
                                                 RON PAUL 2012 PRESIDENTIAL
28                                               CAMPAIGN COMMITTEE, INC.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1                                   EX PARTE APPLICATION FOR
                                                 EXPEDITED DISCOVERY
                         - 2 -                   CASE NO. CV-12-00240-MEJ

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...........................................................................................1

II.  ARGUMENT ................................................................................................2

   A.  Courts Frequently Permit Expedited Discovery Where a
     Defendant's Identity Cannot Otherwise Be Determined ......................2

   B.  Plaintiff Satisfied the Four Columbia Factors For Expedited
     Discovery..............................................................................................3

   C.  The Amici Brief Provides No Basis for Denying Expedited
     Discovery..............................................................................................8

      1.  The Amici Arguments Are Based on a Misunderstanding
        of Intellectual Property Law .......................................................8

      2.  The Amici Brief Mischaracterizes Defendants' Acts of
        Infringement as Political Speech..............................................10

      3.  The Amici Brief Mischaracterizes the Acts of
        Infringement as Anonymous Speech ........................................11

      4.  The Dendrite Factors Weigh in Favor of Plaintiff....................13

        a.  Factor 1:  Give Notice to the Anonymous Entities.........13

        b.  Factor 2:  Require Specificity Regarding the
            Speech/Content at Issue ....................................14

        c.  Factor 3:  Ensure the Facial Validity of Plaintiff's
            Claims .............................................................15

        d.  Factor 4:  Require an Evidentiary Showing
            Supporting Each Claim ......................................18

        e.  Factor 5:  Balance the Equities .......................................19

III.  CONCLUSION...........................................................................................20

Arent Fox LLP
Attorneys At Law
Los Angeles

# TABLE OF AUTHORITIES

PAGE(S)

CASES

*Anonymous Online Speakers v. United States District Court,*
  661 F.3d 1168 (9th Cir. 2011)............................................................ 12, 13, 20

*Arista Records LLC v. Does 1-16,*
  No. 07-1641 LKK EFB (E.D. Cal. Aug. 23, 2007) ............................... 3

*Bosley Medical Group v. Kremar,*
  403 F.3d 672 (9th Cir. 2005)............................................................ 17, 18

*Buckley v. Valeo,*
  424 U.S. 1 (1976)............................................................................ 10

*Chance v. Pac-Tel Teletrac Inc.,*
  242 F.3d 1151 (9th Cir. 2001)............................................................ 8

*Columbia Ins. Co. v. Seescandy.com,*
  185 F.R.D. 573 (N.D. Cal. 1999)................................................... passim

*Dean v. Barber,*
  951 F.2d 1210 (11th Cir. 1992)........................................................... 2

*Dendrite v. Doe,*
  775 A.2d 756 (N.J. App. 2001) ................................................. 13, 14, 18, 19

*Entertainment Tech. Corp. v. Walt Disney Imagineering,*
  No. Civ. A. 03-35456, 2003 WL 22519440 (E.D. Pa. Oct. 2, 2003)....................... 3

*Gillespie v. Civiletti,*
  629 F.2d 637 (9th Cir. 1980)............................................................ 20

*Halicki Films, LLC v. Sanderson Sales & Mktg.,*
  547 F.3d 1213 (9th Cir. 2008)............................................................ 9

*Incorp Services, Inc. v. Does 1-10,*
  2011 WL 5444789 (N.D. Cal. Nov. 9, 2011)............................................. 4

*Interscope Records v. Does 1-4,*
  No. CV -04-131............................................................................ 3

*Kendall-Jackson Winery, Ltd. v. E.&J. Gallo Winery,*
  150 F.3d 1042 (9th Cir. 1998)............................................................ 9

*London-Sire Records, Inc. v. Does 1-4,*
  No. CV 04-1962 ABC (C.D. Cal. Apr. 2, 2004)......................................... 3

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

*Loud Records, LLC v. Does 1-5,*
    No. CV -04-0134-RHW (E.D. Wash. May 10, 2004)..................................................................... 3

*Maclin v. Paulson,*
    627 F.2d 83 (7th Cir. 1980)........................................................................................................... 2

*Marseglia v. JP Morgan Chase Bank,*
    750 F.Supp.2d 1171 (S.D. Cal. 2010)........................................................................................... 7

*Maverick Recording Co. v. Does 1-4,*
    Case No. C-04-1135 MMC (N.D. Cal. April 28, 2004)................................................................. 3

*McIntyre v. Ohio Electric Comm'n,*
    514 U.S. 334 (1995) .................................................................................................................... 11

*Munz v. Parr,*
    758 F.2d 1254 (8th Cir. 1985)....................................................................................................... 2

*Semitool, Inc. v. Tokyo Electron Am., Inc.,*
    208 F.R.D. 273 (N.D. Cal. 2002).................................................................................................. 3

*Smith v. Maldonado,*
    72 Cal.App.4th 637 (1999)............................................................................................................ 7

*Sony BMG Music Ent't v. Does 1-16,*
    No. 07-cv-00581-BTM-AJJB (S.D. Cal. Apr. 19, 2007).............................................................. 3

*SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.,*
    No. C 11–4991 CW, 2012 WL 368677 (N.D. Cal. Feb. 3, 2012) ................................................ 9

*Two Pesos, Inc. v. Taco Cabana, Inc.,*
    505 U.S. 763 (1992) ...................................................................................................................... 9

*UMG Recordings, Inc. v. Does 1-2,*
    No. CV04-0960(RSL) (W.D. Wash. May 14, 2004) .................................................................... 3

*Valentin v. Kinkins,*
    121 F.3d 72 (2nd Cir. 1997) .......................................................................................................... 2

*Wakefield v. Thompson,*
    177 F. 3d 1160 (9th Cir. 1999) ...................................................................................................... 2

*Yokohama Tire Corp. v. Dealers Tire Supply, Inc.,*
    202 F.R.D. 612 (D. Ariz. 2001) .................................................................................................... 3

**STATUTES**

15 U.S.C § 1125(a) ............................................................................................................................... 3

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- iii -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Ron Paul 2012 Presidential Campaign Committee, Inc. ("Plaintiff") has the exclusive right to use the trade name and service mark RON PAUL in connection with the providing of information regarding political issues and political fund raising services.  Plaintiff uses the RON PAUL name and mark to promote, support, and endorse Dr. Ron Paul as the 2012 Republican nominee for President of the United States.  See Declaration of Jesse Benton, filed Jan. 18, 2012, Docket No. 5-2 ("Benton Decl."), ¶ 2.  By virtue of its use, Plaintiff has established common law trade name and service mark rights in the name and mark RON PAUL.

The John Doe defendants described in the Complaint made unauthorized use of the name and mark RON PAUL in connection with the dissemination of misleading information in the form of a video posted on the YouTube website entitled "Jon Huntsman's Values" ("the Video").  *Id.*  The Video uses the RON PAUL name and mark to falsely indicate that Plaintiff is the source of the video. The Video also contains false representations of fact that are calculated to irreparably injure Plaintiff and to destroy the goodwill associated with the RON PAUL name and mark.  The Video contains traditional Chinese background music and it begins with the text "Jon Huntsman – American Values? / The Manchurian Candidate - What's He Hiding?"  *Id.*  The Video shows, among other things, 2012 Republican presidential candidate Jon Huntsman speaking Chinese and then inquires whether Mr. Huntsman is "weak on China."  *Id.*  The Video also questions Mr. Huntsman's religious faith, refers to Mr. Huntsman as "China Jon" and asks whether his daughters are "even adopted."  *Id.*  The Video ends with a fictitious depiction of Mr. Huntsman in a Mao Zedong uniform and the text "American Values and Liberty – Vote Ron Paul," thereby falsely implying that Plaintiff created, endorsed or is affiliated in some way with the Video and its content.  *Id.*

Arent Fox LLP
Attorneys At Law
Los Angeles

-1-

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   Plaintiff did not create or endorse the Video and is not affiliated in any way

2   with the Video or its content. *Id.,* ¶ 4.  Defendants did not publically use their true

3   names or contact information in association with the Video and, instead, have used

4   the pseudonym NHLiberty4Paul. *Id.,* ¶ 5.  Defendants' pseudonym

5   NHLiberty4Paul is also the user name for an account with Twitter, Inc.  Benton

6   Decl., ¶ 5; *see also* Declaration of Michael Grow ("Grow Decl."), ¶ 3.  Plaintiff

7   needs expedited discovery to identify the Doe defendants so this action may

8   proceed.

9   II.   **ARGUMENT**

10          A.   **Courts Frequently Permit Expedited Discovery Where a**

11               **Defendant's Identity Cannot Otherwise Be Determined**

12          Courts in the Ninth Circuit and across the country routinely allow discovery

13   to identify "Doe" defendants. *See Wakefield v. Thompson*, 177 F. 3d 1160, 1163

14   (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity

15   could be ascertained through discovery); *Valentin v. Kinkins*, 121 F.3d 72, 75-76

16   (2nd Cir. 1997) (vacating dismissal; pro se plaintiff should have been permitted to

17   conduct discovery to reveal identity of the defendant); *Dean v. Barber*, 951 F.2d

18   1210, 1215 (11th Cir. 1992) (error to deny the plaintiff's motion to join John Doe

19   defendant where identity of John Doe could have been determined through

20   discovery); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985) (error to dismiss

21   claim merely because the defendant was unnamed; "Rather than dismissing the

22   claim, the court should have ordered disclosure of the Officer Doe's identity");

23   *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (where "party is ignorant of

24   defendants' true identity … plaintiff should have been permitted to obtain their

25   identity through limited discovery").

26          Multiple district courts in the Ninth Circuit, including this Court, have

27   granted plaintiff motions for leave to take expedited discovery to determine the

28   identity of defendants. See, *e.g.*, Request for Judicial Notice (filed Jan. 18, 2012,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1                                              - 2 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   Docket No. 5-1), Exs. A-G (Order, *Maverick Recording Co. v. Does 1-4*, Case No.

2   C-04-1135 MMC (N.D. Cal. April 28, 2004); Order, *Arista Records LLC v. Does 1-*

3   *16*, No. 07-1641 LKK EFB (E.D. Cal. Aug. 23, 2007); Order, *Sony BMG Music*

4   *Ent't v. Does 1-16*, No. 07-cv-00581-BTM-AJJB (S.D. Cal. Apr. 19, 2007); Order,

5   *UMG Recordings, Inc. v. Does 1-2*, No. CV04-0960(RSL) (W.D. Wash. May 14,

6   2004); Order, *Loud Records, LLC v. Does 1-5*, No. CV -04-0134-RHW (E.D.

7   Wash. May 10, 2004); Order, *London-Sire Records, Inc. v. Does 1-4*, No. CV 04-

8   1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004); Order, *Interscope Records v. Does 1-*

9   *4*, No. CV -04-131 TUC-JM (D. Ariz. Mar. 25, 2004).)

10       Courts allow parties to conduct expedited discovery in advance of a Rule

11   26(f) conference where the party establishes "good cause" for such discovery.  *See*

12   *UMG Recordings, Inc.* 2006 WL 1343597 at * 1 (N.D. Cal. Mar. 6, 2000);

13   *Entertainment Tech. Corp. v. Walt Disney Imagineering*, No. Civ. A. 03-35456,

14   2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying reasonableness

15   standard); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D.

16   Cal. 2002); *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612,

17   613-614 (D. Ariz. 2001) (applying a good cause standard).

18       In short, there is nothing unusual about Plaintiff's request for permission to

19   conduct expedited discovery to determine Defendants' identity.

20   **B.**   **Plaintiff Satisfied the Four *Columbia* Factors For Expedited**

21           **Discovery**

22       In its January 25, 2012 order, the Court cited *Columbia Ins. Co. v.*

23   *Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) and noted that the factors

24   listed in that opinion should be addressed in connection with a motion for expedited

25   discovery.  The case holds that a court should consider whether: (1) the plaintiff can

26   identify the missing party with sufficient specificity such that the court can

27   determine that defendant is a real person or entity who could be sued in federal

28   court; (2) the plaintiff has identified all previous steps taken to locate the elusive

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1                                   EX PARTE APPLICATION FOR
                          - 3 -                  EXPEDITED DISCOVERY
                                                 CASE NO. CV-12-00240-MEJ

1  defendant; (3) the plaintiff's suit against defendant could withstand a motion to

2  dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood

3  of being able to identify the defendant through discovery such that service of

4  process would be possible. *Id.; see also Incorp Services, Inc. v. Does 1-10*, 2011

5  WL 5444789, at *1 (N.D. Cal. Nov. 9, 2011).

6       In this case, the Plaintiff has established good cause to seek expedited

7  discovery under all of the factors listed in the *Columbia* case. First, the Plaintiff

8  can identify the missing parties with sufficient specificity such that the Court can

9  determine that Defendants are real people or entities who could be sued in federal

10 court. Plaintiff has identified the user name (NHLiberty4Paul) as the owner of the

11 Twitter account used by Defendants in connection with the Video. *See* Grow Decl.,

12 ¶ 2. Twitter users must provide personal contact information, including their name

13 and email address, when creating a Twitter Account. *See* Grow Decl., Ex. A

14 (Twitter Privacy Policy, https://twitter.com/privacy (last visited Jan. 26, 2012).)

15 Similarly, to create a YouTube account, a user must submit his or her first and last

16 name, birthday, gender, phone number, email address, and location. *See id.*, Ex. B

17 (YouTube, www.youtube.com (follow the "Create Account" hyperlink) (last visited

18 Jan. 26, 2012).) Under the YouTube Terms of Service, this information must be

19 "accurate and complete." *See id.*, Ex. B (YouTube Terms of Service,

20 http://www.youtube.com/static?gl=US&template=terms (last visited Jan. 26,

21 2012).) The object of the requested discovery is to obtain from YouTube and

22 Twitter the identifying information that Defendants had to submit to create the

23 NHLiberty4Paul accounts. Thus, if leave to take expedited discovery is granted,

24 Plaintiff will be able to identify Defendants with sufficient specificity such that the

25 Court can determine that they are real people or entities who are capable of being

26 sued in federal court. *See* Grow Decl., ¶ 5.

27      Second, in this Memorandum, Plaintiff identifies the steps it previously took

28 to identify the elusive Defendants. Initially, Plaintiff thoroughly reviewed the

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 4 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   NHLiberty4Paul YouTube and Twitter accounts to locate all publically-available
2   information about the user's actual identity. *See* Grow Decl., ¶ 6. However, no
3   such information was available. *Id*. Next, Plaintiff ran searches on the Google
4   search engine for the term NHLiberty4Paul to determine if Defendants used that
5   name on any other websites, with the hope that the new website(s) would disclose
6   additional contact information for Defendants. *Id*. However, Plaintiff was unable
7   to identify any additional information about Defendants' identity, nor did it locate
8   any reputable sources claiming to have conclusively identified Defendants'
9   identities. *Id*. Thus, Plaintiff has identified all steps it previously took to identify
10  the elusive Defendants.

11      Third, Plaintiff has pled sufficient facts in the Complaint to withstand a
12  motion to dismiss. Plaintiff's first claim is for false designation of origin in
13  violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). *See* Complaint,
14  filed Jan. 13, 2012, Docket No. 1, ¶¶ 11-26. To state a claim for false designation
15  of origin (including common law trade name or service mark infringement),
16  Plaintiff must allege that Defendants, in connection with any goods or services,
17  used in commerce any word, term, name, symbol, or device, or any combination
18  thereof, or any false designation of origin, false or misleading description of fact, or
19  false or misleading representation of fact, which is likely to cause confusion, or to
20  cause mistake, or to deceive as to the affiliation, connection, or association of such
21  person with another person, or as to the origin, sponsorship, or approval of his or
22  her goods, services, or commercial activities by another person. *See* 15 U.S.C. §
23  1125(a). Plaintiff has alleged that, in connection with the Video, Defendants used
24  Plaintiff's trade name and service mark RON PAUL; that Defendants used this
25  name and mark in commerce; and that Defendants' use of the RON PAUL name
26  and mark is a false designation of origin that is likely to cause, and has actually
27  caused, confusion, mistake, and deception among Plaintiff's prospective donors and
28  others as to the origin, source, sponsorship, or approval of the Video. *See*

Arent Fox LLP
Attorneys At Law
Los Angeles

TECH/1083711.1                              - 5 -                EX PARTE APPLICATION FOR
                                                                   EXPEDITED DISCOVERY
                                                              CASE NO. CV-12-00240-MEJ

1    Complaint, ¶¶ 11-20.  Plaintiff has thus sufficiently pled facts necessary to

2    withstand a motion to dismiss on its false designation of origin claim.

3         Plaintiff's second claim is for false description and representation in violation

4    of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  *See* Complaint, ¶¶ 11-33.

5    To state a claim for false description and representation, a plaintiff must allege that

6    the defendant, in connection with any goods or services, used in commerce any

7    word, term, name, symbol, or device, or any combination thereof, or any false

8    designation of origin, false or misleading description of fact, or false or misleading

9    representation of fact, which in commercial advertising or promotion, misrepresents

10   the nature, characteristics, qualities, or geographic origin of the defendant's or

11   another person's goods, services, or commercial activities.  *See* 15 U.S.C. §

12   1125(a).  The Complaint asserts that Defendants made explicit and implicit false

13   descriptions and false representations of fact in the Video, which has been

14   distributed in commerce.  *See* Complaint, ¶ 28.  In addition, the statements were

15   made in a manner calculated to mislead members of the public and the media and to

16   create the false impression that these false representations originated from or are

17   sponsored, approved, or authorized by Plaintiff.  *Id*.  Plaintiff also asserted that

18   Defendants' Video is a commercial advertisement that misrepresents the nature,

19   characteristics, and qualities of the Video itself and that falsely describes the nature,

20   characteristics, attributes, and qualities of goods and services offered by Plaintiff.

21   *See* Complaint, ¶ 29.  Plaintiff has pled sufficient facts to state a claim for false

22   description, and thus withstand a motion to dismiss its second claim.

23        Plaintiff's third claim is for common law defamation and libel.  *See*

24   Complaint, ¶¶ 11-41.  Under California law, the elements of defamation are (1) an

25   intentional publication to a third person; (2) of a statement of fact; (3) that is false

26   and unprivileged; and (4) has a tendency to injure or cause special damages.  *See,*

27   *e.g.*, *Smith v. Maldonado*, 72 Cal.App.4th 637, 645 (1999).  Plaintiff has asserted

28   that Defendants intentionally and publically published a statement of fact; that this

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1                              - 6 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   statement was false and unprivileged; and that Plaintiff has suffered injury and a

2   loss of its reputation as a result of the statement. *See* Complaint, ¶¶ 35-40.

3        Similarly, under California law, the elements of libel are (1) the intentional

4   publication of a fact; (2) that is false; (3) unprivileged; and (4) has a natural

5   tendency to injure or cause special damage. *See, e.g., Marseglia v. JP Morgan*

6   *Chase Bank*, 750 F.Supp.2d 1171, 1178 (S.D. Cal. 2010).  Plaintiff has alleged that

7   Defendants intentionally published the Video, which uses the name and mark RON

8   PAUL, in a manner that is calculated to defame and discredit Plaintiff and Dr. Paul

9   and to mislead the public into believing that the outrageous and false allegations

10  contained in the Video were created or endorsed by, or originated with, Plaintiff;

11  that this Video is unprivileged; and that the Video has the natural tendency to injure

12  Plaintiff due to its content and widespread distribution. *See* Complaint, ¶¶ 35-41.

13  The Complaint thus contains sufficient facts to withstand a motion to dismiss its

14  defamation/libel claim.

15       Fourth, Plaintiff has demonstrated a reasonable likelihood of being able to

16  identify Defendants through discovery such that service of process would be

17  possible. *See* Grow Decl, ¶ 8.  As explained above, both Twitter and YouTube

18  require users to submit personal information when creating accounts. *See* Grow

19  Decl., ¶¶ 2, 3, 4, 8, Exs. A, B.  Thus, by seeking discovery from YouTube and

20  Twitter with subpoenas, Plaintiff will be able to specifically identify Defendants

21  such that service of process would be possible.

22       Plaintiff cannot serve the Complaint on Defendants and this action cannot

23  proceed without discovery to determine the identity of Defendants.  Plaintiff has

24  satisfied the four *Columbia* factors, and thus has shown good cause for an order

25  allowing expedited discovery.

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 7 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

C.   **The Amici Brief Provides No Basis for Denying Expedited Discovery**

   1.   **The Amici Arguments Are Based on a Misunderstanding of Intellectual Property Law**

While the protection of free speech is unquestionably a worthy cause, this case does not involve free speech issues, so the Amici Brief is of little value in resolving the matters before the Court. In fact, the Amici Brief is based on the mistaken assumption that the name of a political candidate cannot function as a trademark or service mark. Because the Amici Brief erroneously claims that RON PAUL is not a trademark, the cited line of First Amendment cases is inapplicable to this action. The First Amendment offers no protection to those who engage in trademark counterfeiting, infringement, or the deliberate use of someone else's name or mark to cause confusion.

Although Ron Paul is the name of a well known political candidate, Plaintiff has established common law trade name and service mark rights in the name RON PAUL by using it in connection with actual services. For example, Plaintiff is using RON PAUL as a valid service mark for, among other things, information dissemination services and fund raising services. The United States Patent and Trademark Office has recognized that a political candidate's name may serve as a valid mark for a variety of goods and services, including the "providing of information about political elections" and "political fund raising services."[1] Examples of federal trademark and service mark registrations containing candidate names are attached as Exhibit G to the Grow Declaration.

Common law rights in a name or mark are established by using it in connection with particular goods or services. *See, e.g., Chance v. Pac-Tel Teletrac*

---

[1] *See* Grow Decl., Ex. G (*The Acceptable Identification of Goods and Services Manual* published by the USPTO, http://tess2.uspto.gov/netacgi/nph-brs?sect2=THESOFF&sect3=PLURON&pg1=ALL&s1=political&l=MAX&sect1=IDMLICON&sect4=HITOFF&op1=AND&d=TIDM&p=1&u=%2Fnetahtml%2Ftidm.html&r=0&f=S.)

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 8 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   *Inc.*, 242 F.3d 1151, 1156 (9th Cir. 2001) ("Service marks and trademarks are

2   governed by identical standards…and thus like with trademarks, common law

3   rights are acquired in a service mark by adopting and using the mark in connection

4   with services rendered."); *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, No. C

5   11–4991 CW, 2012 WL 368677, at *5 (N.D. Cal. Feb. 3, 2012).  Moreover, it is not

6   necessary to register a mark to assert a claim for false designation of origin.  *See*

7   *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992) ("[I]t is common

8   ground that § 43(a) protects qualifying unregistered trademarks"); *see also Kendall-*

9   *Jackson Winery, Ltd. v. E.&J. Gallo Winery*, 150 F.3d 1042, 1047 n.7 (9th Cir.

10  1998) ("Registration is not a prerequisite for protection under § 43(a)."); *Halicki*

11  *Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1226 (9th Cir. 2008)

12  ("[O]wnership of an unregistered trademark, like ownership of a registered mark, is

13  sufficient to establish standing under the Lanham Act.").  The name and mark RON

14  PAUL is thus entitled to protection against false designation of origin under 15

15  U.S.C. § 1125(a).  None of the cases cited in the Amici brief involve claims for

16  false designation of origin or trade name or service mark infringement.  For this

17  reason, none of the cases cited by Amici have any relevance.

18      While the Video at issue in this case may contain speech that could be

19  protected by the First Amendment, the infringing use of the name and mark RON

20  PAUL is not entitled to any such protection.  Moreover, Defendants are not

21  "anonymous speakers" as contemplated in the cases cited by Amici.  Rather, they

22  are willful infringers by virtue of the fact that they have used a counterfeit imitation

23  of the RON PAUL mark to falsely indicate that the information they are

24  disseminating originates with Plaintiff or that they are affiliated with or endorsed by

25  Plaintiff.  Defendants have thus used the RON PAUL name and mark to falsely

26  designate the origin of their information services in violation of Section 43(a) of the

27  Lanham Act, 15 U.S.C. § 1125(a).

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 9 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

It is one thing to anonymously criticize a politician's views.  Plaintiff does not dispute that the First Amendment protects many such forms of criticism.  In contrast, it is an entirely different matter to impersonate a politician or his campaign committee, as Defendants have done here, and to use the committee's name and mark to falsely represent the source of the criticism in a way that creates a likelihood of confusion or actual confusion among members of the public.  The First Amendment does not protect or condone such illegal activity, nor does it trump the protections afforded by the Lanham Act.

### 2.    The Amici Brief Mischaracterizes Defendants' Acts of Infringement as Political Speech.

The arguments made by the Amici are based on the erroneous assumption that the use of the RON PAUL name and mark in the Video is the type of political speech that should qualify for broad protection under the First Amendment.  *See* Amici Brief, pp. 4, 9, 20.  Plaintiff does not, though, assert that Defendants have no right to criticize Jon Huntsman.  Rather, Plaintiff seeks relief for the unauthorized use of the RON PAUL name and mark as a false designation of origin for the information embodied in the Video.  Marks do not lose their protection merely because they happen to be used by a politician or a political campaign committee.

The Supreme Court has held that "[d]iscussion of public issues and debate on the qualifications of candidates are integral to the operation of the system of government established by our Constitution.  The First Amendment affords the broadest protection to such political expression in order 'to assure [the] unfettered interchange of ideas for the bringing about of political and social changes desired by the people.'" *Buckley v. Valeo*, 424 U.S. 1, 14 (1976) (quoting *Roth v. United States*, 354 U.S. 476, 484 (1957)).  However, nothing in the Supreme Court's decisions or in any other cases permits the use of political expression as a pretext for violating the trademark and other intellectual property laws of this country.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 10 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

Defendants here do not need to attribute their views to Plaintiff in order to express those views. But Defendants in this case have done just that. There is nothing in the video that indicates its source other than the name RON PAUL. Thus, Defendants have deliberately attempted to mislead people into believing that their ideas originate with or are endorsed by Plaintiff. Moreover, the use of the RON PAUL name and mark has allowed Defendants to cause actual confusion and to mislead the public into believing that Plaintiff created, distributed and approved information communicated in the Video.

By adopting and using the misleading pseudonym NHLiberty4Paul, and ending the Video with the slogan "VOTE RON PAUL," Defendants obviously intended to deceive the public into believing that Plaintiff is the source of the Video. The attempt has been successful, as shown by the evidence of actual confusion and public outrage against Dr. Paul caused by Defendants' unauthorized use of the RON PAUL name and mark. *See* Grow Decl. ¶ 17. This is precisely the type of confusion and deception that the Lanham Act is intended to avoid. Ordinary political speech does not cause this type of confusion. Infringement and false advertising does.

### 3. The Amici Brief Mischaracterizes the Acts of Infringement as Anonymous Speech

Unlike the defendants in the cases cited in the Amici Brief, Defendants here were not attempting to express their views anonymously. Had they wished to do so, they could have omitted the reference to the RON PAUL name and mark. Instead, they tried, successfully, to trick people into believing that the Video did not come from Plaintiff rather than from an anonymous source. Once again, none of the cases cited by Amici has any relevance to the issues before the Court, so they can be disregarded.

For example, *McIntyre v. Ohio Electric Comm'n*, quoted with emphasis by Amici on pages 4 and 5 of their brief, involved the distribution of pamphlets, by a

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 11 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1    mother/taxpayer, that was signed anonymously as "Concerned Parents and

2    Taxpayers." *See* 514 U.S. 334, 334 (1995).  Unlike Defendants here, the

3    anonymous pamphleteer was not attempting to mislead the public as to the source

4    of the content, nor did she falsely attribute her views to any political candidate or

5    other person or entity.

6          If Defendants in this case had been acting anonymously, their Video would

7    not have caused actual confusion.  In fact, because Defendants used the RON

8    PAUL name and mark, the Video has caused great confusion.  *See* Grow Decl., ¶

9    17, Exs. H, I.  As a direct result of Defendants' deliberate misconduct, the goodwill

10   symbolized by the RON PAUL mark has been irreparably injured.

11         The Ninth Circuit has held that "[t]he right to speak, whether anonymously

12   or otherwise, is not unlimited . . . and the degree of scrutiny varies depending on the

13   circumstances and the type of speech at issue."  *See Anonymous Online Speakers v.*

14   *United States District Court*, 661 F.3d 1168, 1173 (9th Cir. 2011).  In *Anonymous*,

15   the Ninth Circuit followed the Supreme Court's well-established First Amendment

16   precedent and explained that commercial speech, unlike political and other forms of

17   expression, enjoys a limited measure of protection, and enjoys that limited

18   protection only as long as "the communication is neither misleading nor related to

19   unlawful activity."  *Id*. at 1173 (quoting *Bd. of Trustees of SUNY v. Fox*, 492 U.S.

20   469, 477 (1989) and *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of*

21   *N.Y.*, 447 U.S. 557, 564 (1980)).

22         Although the video in question contains comments concerning a political

23   candidate, it obviously was written with a commercial purpose in mind, namely to

24   dissuade potential contributors from sending money to Plaintiff.  None of the cases

25   cited by Amici involve the use of a well known name or mark in a manner

26   calculated to cause tarnishment of the goodwill symbolized by that mark or to

27   disrupt fundraising.  Yet that is exactly what happened here.  The First Amendment

28   does not protect deceitful conduct designed to cause economic injury.

Arent Fox LLP
Attorneys At Law
Los Angeles

TECH/1083711.1

- 12 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1    Because Defendants are not entitled to Constitutional protections for

2    misleading, defamatory, and infringing use of the RON PAUL name and mark, the

3    Court should disregard the Amici's irrelevant arguments and grant Plaintiff's

4    motion for expedited discovery.

5    **4.    The *Dendrite* Factors Weigh in Favor of Plaintiff**

6    The Amici assert that the Court should consider a New Jersey state court

7    opinion when deciding whether to grant the motion for expedited discovery.

8    *Dendrite v. Doe*, 775 A.2d 756 (N.J. App. 2001).  As detailed above, this is not a

9    First Amendment case, so *Dendrite* would be inapplicable even if authored by the

10   Ninth Circuit or the Supreme Court.  The nature of the disputed speech "should be a

11   driving force in choosing a standard by which to balance the rights of anonymous

12   speakers in discovery disputes."  *See Anonymous Online Speakers*, 661 F.3d at

13   1177.  Here, the intentionally misleading, defamatory nature of the Video and

14   infringing use of the RON PAUL mark outweigh any free speech issues.

15   Moreover, even if this case presented First Amendment questions and even if

16   the Video had been anonymous rather than overt trademark infringement and

17   defamation, Plaintiff has met the five *Dendrite* requirements.

18   **a.    Factor 1:  Give Notice to the Anonymous**

19   **Entities**

20   The first *Dendrite* factor requires a plaintiff to undertake efforts to notify the

21   anonymous defendants that they are the subject of a subpoena or an application for

22   an order of disclosure, and to give the defendants a reasonable opportunity to file

23   and serve opposition to the application.  On January 27, 2012, in an effort to contact

24   Defendants directly, Plaintiff contacted Twitter and YouTube to request all the

25   information those entities possess, control, or can access related to the Twitter

26   account @NHLiberty4Paul and the YouTube account NHLiberty4Paul,

27   respectively, including but not limited to the identities, email addresses and contact

28   information of the persons and/or entities that own or control that account, and any

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 13 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

and all related IP addresses, browser types, referring domains, pages visited, mobile carriers, devices and application IDs, and search terms associated with that account. *See* Grow Decl., ¶¶ 8-9. Twitter refused to provide this information absent valid legal process. *See id.*, ¶ 8. Similarly, Google refused to provide this information absent a valid third-party subpoena or other appropriate legal process. *See id.*, ¶ 9.

Furthermore, on February 9, 2012, Plaintiff's counsel sent a message to the @NHLiberty4Paul Twitter account, and a private message to the NHLiberty4Paul YouTube account to put Defendants on reasonable notice of the lawsuit and to provide Defendants with an opportunity to defend their anonymity before the issuance of any subpoena. *See id.*, ¶¶ 10-11. Defendants did not respond to either message. Plaintiff attempted to provide Defendants with notice of the lawsuit and the application for expedited discovery, and gave Defendants an opportunity to oppose the disclosure of their identities. Plaintiff has therefore satisfied the first *Dendrite* factor.

### b.   Factor 2:  Require Specificity Regarding the Speech/Content at Issue

The second *Dendrite* factor requires that a plaintiff set forth with specificity the statements that the plaintiff alleges constitute actionable speech. Plaintiff alleges, "[t]he Video ends with a fictitious depiction of Mr. Huntsman in a Mao Zedong uniform and the text 'Vote Ron Paul,' thereby falsely implying that Plaintiff is the origin of, created, endorsed or is affiliated in some way with the Video and its content." Complaint, ¶ 12. Throughout its Complaint, Plaintiff specifically refers to the fact that RON PAUL is a valid mark entitled to protection under the Lanham Act. Thus, Plaintiff has stated with specificity the statements that constitute actionable speech. In fact, Amici concede that Plaintiff has fulfilled the second prong of the *Dendrite* test. *See* Amici Brief, p. 14.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 14 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1
2

### c.   Factor 3:  Ensure the Facial Validity of Plaintiff's Claims

3    All three of Plaintiff's causes of action are sufficiently pled and supported

4  and would withstand a motion to dismiss.  There can be no dispute that RON PAUL

5  is a valid name and mark under the common law.  Although Plaintiff has not

6  registered it, other politicians or campaign committees have been able to obtain

7  trademark or service mark registrations for their names for the same types of

8  services offered by Plaintiff.  For example, the USPTO issued to Sarah L. Palin

9  Registration No. 4,005,353 for the mark SARAH PALIN, for use in connection

10  with information about political elections and providing a website featuring

11  information about political issues in Class 35, and educational and entertainment

12  services, namely, providing motivational speaking services in the field of politics,

13  culture, business and values in Class 41.  Also, The Ronald Reagan Presidential

14  Library Foundation owns U.S. Trademark Registration No. 3,933,461 for the mark

15  RONALD REAGAN, for use in connection with various goods, and Bush For

16  President, Inc. owned two federal registrations for the mark GEORGE W. BUSH

17  FOR PRESIDENT & Design for assorted goods, including campaign buttons (U.S.

18  Trademark Registration Nos. 2,531,401 and 2,590,290).  *See* Grow Decl., ¶ 16, Ex.

19  G.  Thus, it is clear that RON PAUL can and does function as a service mark.

20    When considering whether a plaintiff asserted a claim for service mark

21  infringement and false designation of origin under the Lanham Act that can survive

22  a motion to dismiss, this Court has held that the test "is whether the alleged

23  infringing act creates a likelihood of confusion." *Columbia Ins. Co. v.*

24  *Seescandy.com*, 185 F.R.D. 573, 580 (N.D. Cal. 1999).  Plaintiff's Complaint not

25  only alleges a likelihood of confusion, but evidence of *actual confusion* has been

26  submitted in connection with the pending motion.

27    As this Court held in *Columbia*, "most importantly, plaintiff can show actual

28  confusion" and "evidence of actual confusion is strong proof of the fact of

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 15 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1  likelihood of confusion." *Columbia Ins. Co.*, 185 F.R.D. at 580 (quoting 3 J.

2  Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, 23:13 at 23-

3  25).  Among the instances of actual confusion is a January 6, 2012, communication

4  from Cindy McCain, wife of Senator John McCain, who stated "I deeply resent the

5  Video made using the adopted daughters of @johnhuntsman. [sic] @ronpaul

6  shame on you. This has shades of 2000 all over it."  This tweet, which attributes the

7  Video to Dr. Ron Paul, was re-tweeted by 416 other Twitter users.  *See* Grow Decl.,

8  ¶ 17, Ex. H.  This actual confusion evidence demonstrates not only that the Video

9  does in fact use the RON PAUL name and mark as a false designation of origin but

10  also that there is ample ground for concluding that Plaintiff can survive a motion to

11  dismiss its false designation of origin claim under 15 U.S.C. § 1125(a).

12       The facial validity of Plaintiff's second and third claims is detailed above in

13  Section II.B., incorporated herein.

14       The Amici mischaracterized the Lanham Act provision regarding false

15  designation of origin and false description or representation.  Amici falsely claim

16  that 15 U.S.C. § 1125(a) applies "only to a defendant who has used the trademark

17  'in connection with a **sale** of goods or services.'"  Amici Brief, p. 14 (emphasis

18  added).  There is no "sale" requirement, and that language does not appear

19  anywhere in 15 U.S.C. § 1125(a), which provides that:

20            *(1) Any person who, **on or in connection with any goods or services**,*

21            *or any container for goods, uses in commerce any word, term, name,*

22            *symbol, or device, or any combination thereof, or any false*

23            *designation of origin, false or misleading description of fact, or false*

24            *or misleading representation of fact, which—*

25                 *(A) is likely to cause confusion, or to cause mistake, or to*

26            *deceive as to the affiliation, connection, or association of such person*

27            *with another person, or as to the origin, sponsorship, or approval of*

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 16 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1               *his or her goods, services, or commercial activities by another person,*

2               *or*

3                        *(B) in commercial advertising or promotion, misrepresents the*

4               *nature, characteristics, qualities, or geographic origin of his or her or*

5               *another person's goods, services, or commercial activities, shall be*

6               *liable in a civil action by any person who believes that he or she is or*

7               *is likely to be damaged by such act.*

8       Moreover, USPTO regulations recognize that a sale is not necessary and that

9 a mark may qualify for registration and the protections afforded by the Lanham Act

10 when it is used for such services as "providing of information about political

11 elections" and "political fund raising services." Grow Decl., Ex G. There is no

12 credible dispute that Plaintiff has acquired common law rights in the RON PAUL

13 mark for these services. Furthermore, Plaintiff properly referenced in the

14 Complaint the commercial activity engaged in under the mark. As Plaintiff has

15 alleged, the Video was posted from a Twitter account onto YouTube, both of which

16 are commercial Web sites and services. In addition, the Video is obviously

17 calculated to created adverse public reaction and backlash against Plaintiff and to

18 hamper its information dissemination and fund raising services. Actual economic

19 injury has resulted from Defendant's deliberate use of a counterfeit imitation of

20 Defendant's name and mark. This is precisely the type of conduct that the law is

21 designed to protect.

22       The Amici also improperly rely on *Bosley Medical Group v. Kremar*, 403

23 F.3d 672 (9th Cir. 2005). Amici Brief, p.14. That case is readily distinguishable

24 because the defendant there was a disgruntled former customer of Bosley Medical

25 Group who created a Web site that expressed his criticism of Bosley. The

26 defendant in *Bosley* did not use the BOSLEY mark in an infringing or deceptive

27 manner to falsely suggest the origin of any services. Moreover, the Ninth Circuit

28 noted that the Web site clearly criticized Bosley and, therefore, the defendant's "use

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 17 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1  of the Bosley Medical mark simply cannot mislead consumers into buying a

2  competing product." *Bosley*, 403 F.3d at 679-80.  That is far from the present case.

3  Here, the RON PAUL mark was used in the Video to falsely suggest origin and to

4  induce viewers to withhold contributions from Plaintiff and to send those

5  contributions to Plaintiff's competitors.  Moreover, the infringing use of the RON

6  PAUL name and mark has actually caused widespread confusion as to the origin of

7  the Video.  *See* Grow Decl., ¶ 17.

8          The Ninth Circuit has held that one of the purposes of the Lanham Act is to

9  "protect consumers who have formed particular associations with a mark from

10  buying a competing product using the same or substantially similar mark and to

11  allow the mark holder to distinguish his product from that of his rivals."  *Bosley*,

12  403 F.3d at 676 (citing *Avery Dennison Corp. v. Sumpton,* 189 F.3d 868, 873 (9th

13  Cir.1999)).  Defendants' conduct falls squarely within the types of conduct

14  prohibited by the statute.  The public has been confused and misled into believing

15  falsely that Plaintiff created or endorsed the malicious Video, thereby adversely

16  affecting Plaintiff's ability to disseminate information and raise funds.

17          Applying the proper standard to the third prong of the *Dendrite* test, it is

18  clear that Plaintiff's three claims could survive a motion to dismiss.

19          **d.     Factor 4:  Require an Evidentiary Showing**

20                    **Supporting Each Claim**

21          The fourth *Dendrite* factor requires a plaintiff to produce sufficient evidence

22  supporting each element of its claims.  To prevail on claims for false designation of

23  origin, one need merely show prior rights in a valid mark and that the unauthorized

24  use of that mark is likely to cause confusion.  As explained more fully above, the

25  USPTO has recognized that a politician's name can serve as a trademark and

26  Plaintiff has provided registration certificates issued by the USPTO for such

27  trademarks.  *See* Grow Decl., ¶ 16.  Thus, Plaintiff has provided evidence

28  demonstrating that it has prior rights in a valid mark, RON PAUL.  Furthermore,

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 18 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   evidence of actual confusion is the best evidence that confusion is likely.  In this

2   case, there is ample evidence of actual confusion.  *See id.*, ¶ 17.

3       Evidence supporting all three claims is attached to the Grow Declaration.

4   Specifically, Plaintiff has submitted evidence of the offending Video, which

5   confirms that it contains false descriptions and false representations of fact about

6   Plaintiff and has been distributed in commerce, as alleged in the Complaint.  Grow

7   Decl., ¶ 18, Ex. J; Complaint, ¶ 28.  A review of the Video and the screen shots of

8   the Video attached to the Grow Declaration confirms the statements in the Video

9   were made in a manner calculated to (a) mislead members of the public and the

10  media, (b) create the false impression that these false representations originated

11  from or are sponsored, approved, or authorized by Plaintiff, (c) misrepresent the

12  nature, characteristics, and qualities of the Video itself, and (d) falsely describe the

13  nature, characteristics, attributes, and qualities of goods and services offered by

14  Plaintiff.  The evidence confirms that the representations were not privileged,

15  created actual confusion, and resulted in damage to Plaintiff's reputation.  Plaintiff

16  has thus submitted evidence supporting its three claims.

17          **e.      Factor 5:  Balance the Equities**

18      The final *Dendrite* factor requires the Court to balance a defendant's First

19  Amendment right of anonymous free speech against the strength of the prima facie

20  case presented by the plaintiff and the necessity for the disclosure of the anonymous

21  defendant's identity to allow the plaintiff to properly proceed.  Here, the primary

22  issue is not the content of the video.  Rather it is the unauthorized use of the name

23  and mark RON PAUL as a false designation of origin and as a misrepresentation of

24  fact with respect to the Plaintiff's role in creating the Video.  In this case, the

25  balance of the equities clearly favors Plaintiff.

26      As the Ninth Circuit has explained, "where the identity of alleged defendants

27  will not be known prior to the filing of a complaint[,] ... the plaintiff should be

28  given an opportunity through discovery to identify the unknown defendants, unless

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 19 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1   it is clear that discovery would not uncover the identities, or that the complaint

2   would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d 637, 642

3   (9th Cir. 1980).

4   　　　When considering claims arising from Internet activity of the type alleged in

5   Plaintiff's Complaint, it is appropriate for the Court to recognize the "great

6   potential for irresponsible, malicious, and harmful communication" and that

7   particularly in the age of the Internet, the "speed and power of internet technology

8   makes it difficult for the truth to 'catch up' to the lie." *Anonymous Online Speakers*

9   *v. United States District Court*, 661 F.3d 1168, 1176 (9th Cir. 2011).

10   　　　As discussed above, Defendants' use of the RON PAUL name and mark is

11   not protectable First Amendment speech. There is no First Amendment right to use

12   another person's mark to cause confusion and deception. Indeed, if such right

13   existed, there would be no enforceable trademark rights. Moreover, Defendants are

14   not engaging in anonymous speech. Rather they are using the RON PAUL mark to

15   suggest that Plaintiff is the author of the speech. Therefore, Defendants are not

16   entitled to any First Amendment protections for their use of a counterfeit imitation

17   of the RON PAUL mark, which use also has defamed Plaintiff.

18   　　　Plaintiff cannot defend its reputation without the expedited discovery

19   required to identify Defendants. No other means is available to obtain that identity.

20   *See* Grow Decl., ¶¶ 8-11. Thus, the balance of the equities clearly favors Plaintiff

21   in this case.

22   **III.   CONCLUSION**

23   　　　For all the foregoing reasons, Plaintiff respectfully requests that the Court

24   enter an order (a) granting Plaintiff's ex parte application, (b) allowing Plaintiff to

25   serve immediate third-party discovery, and (c) requiring written responses to the

26   discovery within 10 days, all for the limited purpose of discovering Defendants'

27   identities.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 20 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ

1    Dated:   February 10, 2012            Respectfully submitted,

2                                               ARENT FOX LLP

3

4                                               By:_____/s/ Jerrold Abeles_____

5                                               JERROLD ABELES
                                              DAVID G. BAYLES

6

7                                               Attorneys for Plaintiff
                                              RON PAUL 2012 PRESIDENTIAL

8                                               CAMPAIGN COMMITTEE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

TECH/1083711.1

- 21 -

EX PARTE APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. CV-12-00240-MEJ