1  JERROLD ABELES (SBN 138464)
   Abeles.Jerry@arentfox.com
2  DAVID BAYLES (SBN 208112)
   Bayles.David@arentfox.com
3  **ARENT FOX LLP**
   555 West Fifth Street, 48th Floor
4  Los Angeles, CA 90013-1065
   Telephone: 213.629.7400
5  Facsimile: 213.629.7401

6  MICHAEL A. GROW (*pro hac vice application pending*)
   Grow.Michael@arentfox.com
7  JAMES R. DAVIS II (*pro hac vice application pending*)
   Davis.Jim@arentfox.com
8  **ARENT FOX LLP**
   1050 Connecticut Avenue, NW
9  Washington, DC 20036-5339
   Telephone: 202.857.6000
10 Facsimile: 202.857.6395

11 Attorneys for Plaintiff
   RON PAUL 2012 PRESIDENTIAL CAMPAIGN
12 COMMITTEE, INC.

13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15

16 RON PAUL 2012 PRESIDENTIAL          Case No. CV-12-0240-MEJ
   CAMPAIGN COMMITTEE, INC., a
17 Delaware corporation,               **PLAINTIFF'S REPLY BRIEF
                                       SUPPORTING EX PARTE
18              Plaintiff,             APPLICATION FOR EXPEDITED
                                       DISCOVERY**
19       v.

20 JOHN DOES 1 through 10,

21              Defendants.

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

RPP/512280.1

1

2

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...........................................................................................1

II.     ARGUMENT................................................................................................1

        A.      Defendants Have Infringed Plaintiff's Mark by Using It in
                Commerce................................................................................................1

        B.      Application of Balancing Standards is Not Required .........................5

                1.      Dendrite Analysis is Not Required .............................................5

                2.      Plaintiff Has Complied with Any Applicable Standard.............7

        C.      The Court Should Reject Amici's Request for Additional Notice.......8

        D.      Plaintiff Has Properly Pled the Elements of its Defamation
                Claim .......................................................................................................8

        E.      Plaintiff Never Suggested that the Court Should Not Review the
                Video .......................................................................................................9

        F.      The Court Should Reject Amici's Equity Argument ..........................9

III.    CONCLUSION..........................................................................................10

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- i -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

1

2

# TABLE OF AUTHORITIES

**Page(s)**

3

FEDERAL CASES

*Bosley Medical Institute, Inc. v. Kremer,*
    403 F.3d 672 (9th Cir. 2005)............................................................ 1, 2, 3

*Central Hudson Gas & Elec. Corp. v. Public Service Comm'n of New York,*
    447 U.S. 557 (1980)................................................................................6

*Columbia Ins. Co. v. Seescandy.com*
    185 F.R.D. 573 (N.D. Cal. 1999)............................................................6

*Highfields Capital Management L.P. v. Doe,*
    385 F.Supp.2d 969 (N.D. Cal. 2005) ............................................ 5, 6, 7, 8

*In re Anonymous Online Speakers,*
    661 F.3d 1168 (9th Cir. 2011)...............................................................4, 5

*Nissan Motor Co. v. Nissan Computer Corp.,*
    378 F.3d 1002 (9th Cir. 2006)....................................................................4

*United We Stand America, Inc. v. United We Stand, America New York, Inc.,*
    128 F.3d 86 (2nd Cir. 1997).....................................................................2, 3

*White v. City of San Diego,*
    605 F.2d 455 (9th Cir. 1979)......................................................................5

STATE CASES

*Blatty v. New York Times Co.,*
    42 Cal.3d 1033 (1986) ...............................................................................8

*Dendrite International v. Doe,*
    775 A.2d 756 (N.J. App. 2001).......................................................... passim

*In re Indiana Newspapers Inc.,*
    --- N.E.2d ----, 2012 WL 540796 (Ind.App., 2012).................................6, 7

FEDERAL STATUTES

15 U.S.C. § 1051 ...............................................................................................2, 3

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

In their brief, Amici argue that Plaintiff Ron Paul 2012 Presidential Campaign Committee Inc. ("Plaintiff") should be deprived of its right to protect its intellectual property and reputation against infringing and defamatory activity of certain as yet unknown defendants ("Does").  Amici ignore Plaintiff's evidence that the Does made unauthorized use of Plaintiff's mark in a commercial video that has created actual consumer confusion and public backlash against Plaintiff, and ask the Court to turn a blind eye to this unlawful conduct.  Indeed, Amici argue that Plaintiff should be precluded from even conducting basic, necessary discovery to identify the defendants in this case.  As with their prior briefs, Amici cite case law with no application to the facts at issue in this case, and ask the Court to adopt and use inappropriate legal standards when considering such issues.

## II.  ARGUMENT

### A.  Defendants Have Infringed Plaintiff's Mark by Using It in Commerce.

Amici's primary argument is that the Does' creation, posting and distribution of the video do not constitute a commercial use that violates the Lanham Act under the standards allegedly articulated in *Bosley Medical Institute, Inc. v. Kremer*, 403 F.3d 672 (9th Cir. 2005).  Amici Brief pp. 2-4.

While Amici's expertise may be useful in First Amendment issues, their brief is of little value in resolving the trademark and trade name issues before the Court.  This is evident in the manner in which Amici improperly characterize the Court's holding in *Bosley.*  They are improperly using that case to create a new, exceedingly narrow infringement standard that would upend decades of established trademark precedent.  No court has ever accepted arguments of the type asserted by Amici in a trademark case.  If Amici's reasoning is adopted, it will be very difficult – and in some cases impossible – for trademark owners to recover for infringement

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 1 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1    by an anonymous defendant that uses a counterfeit mark on identical goods or

2    services, even where, as here, the infringement causes actual confusion.

3          In *Bosley*, the Ninth Circuit held "that the 'use in connection with the sale of

4    goods and services' requirement of the Lanham Act does not require any actual *sale*

5    of goods and services." *Bosley*, 403 F.3d at 679 (emphasis in original) (citing

6    *United We Stand America, Inc. v. United We Stand, America New York, Inc.*, 128

7    F.3d 86, 90 (2nd Cir. 1997)).  The Court can therefore consider whether the

8    defendant offered "competing services to the public." *Id.*

9          By distributing a video containing Plaintiff's mark without identifying the

10   actual author, the Does have used a false designation of origin and have made

11   misleading statements in commerce in connection with services identical to those

12   offered by Plaintiff.  In contrast, the defendant in *Bosley* was not anonymous, and in

13   fact openly operated a Web site that criticized the plaintiff – who provides hair

14   restoration services – in a manner that the court determined could not mislead

15   consumers into believing the Web site was operated by the plaintiff. *Id.*, 403 F.3d

16   at 679-80.  The facts in *Bosley* are significantly different from those presently

17   before the Court.

18         Plaintiff has established common law rights in the trade name, trademark and

19   service mark Ron Paul through actual use of that name in connection with

20   information dissemination and fund raising services. "The owner of a trademark

21   **used in commerce** may request registration of its trademark on the principal

22   register" for a wide variety of goods and services. 15 U.S.C. § 1051 (emphasis

23   added).  Plaintiff has demonstrated that the United States Patent and Trademark

24   Office ("PTO") has previously issued registrations for marks that are comprised of,

25   or include, politicians' names for, among other things, providing information about

26   political elections and political fund raising services.  Campaign's Memorandum in

27   Support of Ex Parte Application ("Campaign's Memo"), pp. 8 and 15, Grow Decl.

28   ¶ 16, Ex. G.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1    This "use in commerce" may – and indeed often does – occur through

2    creating and distributing online content and videos, commercials and other

3    electronic advertisements that support and raise funds for political candidates.

4    Politicians and their supporters are increasingly using Internet video sites like

5    YouTube and social network providers like Twitter to raise funds, disseminate

6    information, campaign and promote political causes and candidacies.  As made

7    clear in the moving papers, and not challenged by Amici in their response, the PTO

8    recognizes that the use of a mark like Ron Paul in connection with such activities

9    constitutes a "use in commerce" within the meaning of 15 U.S.C. § 1051.

10    The value of allowing and protecting such registration has long been

11    recognized.  "A political organization that adopts a platform and endorses

12    candidates under a trade name performs the valuable service of communicating to

13    voters that it has determined that the election of those candidates would be

14    beneficial to the objectives of the organization." *United We Stand America, Inc. v.*

15    *United We Stand, America New York, Inc.*, 128 F.3d 86, 90 (2nd Cir. 1997).  "If

16    different organizations were permitted to employ the same trade name in endorsing

17    candidates, voters would be unable to derive any significance from an endorsement,

18    as they would not know" the source of the endorsement and "[t]he resulting

19    confusion would be catastrophic." *Id.*

20    The Does in this case have used Plaintiff's mark Ron Paul in a video

21    distributed through Twitter and YouTube accounts bearing the deceptive name

22    NHLiberty4Paul.  In so doing, the Does have offered services that are identical in

23    nature to those offered by Plaintiff, and their services constitute a "use in

24    commerce" within the meaning of the federal trademark statute and a proper

25    reading of *Bosley.*

26    In support of their claim that the Does' use of Plaintiff's mark to create and

27    distribute the offensive video on commercial Internet sites does not constitute a

28    "commercial use" sufficient to trigger the Lanham Act, Amici again rely on cases

Arent Fox LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1  with facts, activities and laws that are entirely different from the current dispute.

2  Amici Brief, pp 2-3. As the Ninth Circuit has noted, "decisions governing

3  discovery are highly fact-intensive." *In re Anonymous Online Speakers*, 661 F.3d

4  1168, 1176 (9th Cir. 2011). For reasons set forth in Plaintiff's moving papers, the

5  facts of the present case are readily distinguishable from the authorities cited by

6  Amici. There is no legitimate question that the Does made commercial use of

7  Plaintiff's mark, infringed that mark, and defamed Plaintiff.

8      Amici also attempt to create a new legal standard for determining trademark

9  infringement and likelihood of confusion with regard to evidence of actual

10  confusion. Specifically, while Amici concede that courts recognize "evidence of

11  actual confusion from even a few customers as serious evidence of likely

12  confusion," Amici challenge Plaintiff's evidence of actual confusion as merely

13  "hurried mistakes by voters." Amici Brief, p. 6. Amici do not attempt to explain

14  why Plaintiff's evidence shows "hurried mistakes," nor do Amici cite any case law

15  for the baseless assertion that actual consumer confusion soon after an infringement

16  is any less persuasive evidence than confusion at a later time. In fact, the Lanham

17  Act does not differentiate between confusion on such arbitrary grounds, or impose

18  liability only for actual confusion based on a more considered viewing of the

19  misleading information.

20      The Amici's reliance on *Nissan Motor Co. v. Nissan Computer Corp.*, 378

21  F.3d 1002 (9th Cir. 2006), is also misplaced. The quotations provided by Amici

22  refer to interpretation of the Federal Trademark Dilution Act ("FTDA"), which is

23  not a claim in this dispute. The case also considered whether the use of links from

24  one Web site to another, which contained disparaging comments about the plaintiff,

25  is commercial under the FTDA, issues unrelated to this case. In any event, and as

26  set forth in more detail above and in Plaintiff's prior brief, the Does' actions were a

27  commercial infringement of Plaintiff's trademark and a violation of the Lanham

28  Act.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 4 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1    **B.    <u>Application of Balancing Standards is Not Required.</u>**

2        Amici also erroneously contend that the Court must apply the *Dendrite*

3    analysis before determining whether to grant Plaintiff's motion for expedited

4    discovery. Amici Brief, pp. 4-7. As detailed in Plaintiff's moving papers, the

5    Court need not apply *Dendrite* or any similar analysis adopted by this Court or the

6    Ninth Circuit because the speech at issue in this present case is not protected under

7    the First Amendment. Campaign's Memo, p. 13. Amici present nothing in their

8    opposition to change this conclusion.

9            **1.    *Dendrite* Analysis is Not Required.**

10        Contrary to what Amici imply, neither this Court nor the Ninth Circuit has

11   fully applied – let alone mandated use of – the *Dendrite* test when considering a

12   plaintiff's motion for expedited discovery against an unknown defendant. Just last

13   year the Ninth Circuit provided an extensive survey of the "broad array of

14   standards" applied in such cases by courts in California and around the country. *In*

15   *re Anonymous Online Speakers*, 661 F.3d 1168, 1175-76 (9th Cir. 2011).[1] In

16   *Anonymous*, the Ninth Circuit declined to adopt a particular test and noted that

17   district courts have "wide latitude in controlling discovery" and "decisions

18   governing discovery are highly fact-intensive." 661 F.3d at 1176 (quoting *White v.*

19   *City of San Diego*, 605 F.2d 455, 461 (9th Cir. 1979)).

20        To give the false impression that this Court has adopted a standard from

21   *Dendrite International v. Doe*, 775 A.2d 756 (N.J. App. 2001), Amici closely

22   associate – and even merge – that New Jersey state court decision with this Court's

23   ruling in *Highfields Capital* to create the fictional "*Dendrite/Highfields Capital*

24   standard." Amici Brief, pp. 2, 7 ("The Court should reaffirm that the

25   *Dendrite/Highfields Capital* standard is the applicable rule in this district.").

26

27   ――――――――――――――

[1] It is noteworthy in the present case that, in its analysis, the Ninth Circuit made only a

28   parenthetical reference to *Dendrite* – without even using a citation – and only as it applied to a
case from the District Court for the District of Columbia. 661 F.3d at 1177.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES                                      - 5 -                    REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ
RPP/512280.1

1   Plaintiff is not aware of any case law that recognizes the existence of a *"Dendrite /*
2   *Highfields Capital* standard." In fact, in *Highfields Capital Management L.P. v.*
3   *Doe*, 385 F.Supp.2d 969 (N.D. Cal. 2005), this Court adopted a two-step test to
4   balance the competing interests of the parties, in contrast to the four-pronged
5   *Dendrite* test advocated by Amici.

6   Despite the differences in the various standards that could be applied for
7   expedited discovery, all of the cases cited by Amici seek to strike a balance
8   between a defendant's First Amendment right to engage in lawful and protected
9   speech and a plaintiff's right to defend itself against improper and illegal activity.
10  It therefore follows that if, as is the case here, the disputed speech does not fall
11  under the protection of the First Amendment, the Court need not apply any
12  balancing test before granting a motion for expedited discovery.

13  As the Supreme Court has explained, for commercial speech to come within
14  the provisions of the First Amendment, "it at least must concern lawful activity and
15  not be misleading." *Central Hudson Gas & Elec. Corp. v. Public Service Comm'n*
16  *of New York*, 447 U.S. 557, 565 (1980); *see also, Columbia Ins. Co. v.*
17  *Seescandy.com* (185 F.R.D. 573, 578 (N.D. Cal. 1999)) ("People are permitted to
18  interact pseudonymously and anonymously with each other *so long as those acts*
19  *are not in violation of the law*.") (Emphasis added.). There can be no legitimate
20  argument as to whether the Does' video is misleading or in violation of the law; the
21  proof is in the evidence produced by Plaintiff showing actual consumer confusion.
22  Campaign's Memo, pp. 15-16, Grow Decl. ¶ 17, Ex. H.

23  Amici mislead the Court by asserting that the *Dentrite* test has been recently
24  and widely adopted. For example, Amici allege that "this week, the Indiana Court
25  of Appeals has joined the majority approach embracing *Dendrite* with its
26  requirement of evidence and express balancing." Amici Brief, p.2 n.1. This is an
27  overstatement of the Indiana court's holding in that case, in which amicus Public
28  Citizen, Inc. participated on behalf of the defendant, and thus should know better.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 6 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1 In actuality, the Indiana court held that "a pure *Dendrite* test is not workable," and

2 instead adopted a modified version. *In re Indiana Newspapers Inc.*, --- N.E.2d ----,

3 2012 WL 540796 *15 (Ind.App., 2012). Because a plaintiff must know the identity

4 of the defendant in order to allege the elements of certain causes of action –

5 including defamation claims that require allegations of actual malice – the Indiana

6 court adopted a lower standard and required only that a plaintiff produce prima

7 facie evidence of the elements of such a claim. *Id.* And, as with all the other First

8 Amendment cases cited by Amici, the facts of the current dispute are entirely

9 different from those in *In re Indiana Newspapers*, where the plaintiff sought to

10 compel a newspaper to disclose the identity of an anonymous commentator who did

11 not infringe any trademarks, cause confusion or attempt to impersonate the plaintiff.

12   **2. Plaintiff Has Complied with Any Applicable Standard.**

13   Even if the Court were to find that the video is entitled to some level of

14 protection under the First Amendment and decided to apply *Highfields Capital*,

15 *Dendrite* or any similar analysis, it is clear that Plaintiff has fully complied with

16 any such test under the "motion to dismiss" standard, or any other standard.

17 Campaign's Memo, pp. 13-20.

18   As noted, the *Highfields Capital* standard consists of two prongs. The first is

19 a requirement that the plaintiff adduce "competent evidence" in support of each

20 element of each cause of action, i.e., competent evidence that the defendant

21 engaged in wrongful activity. *Highfields Capital*, 385 F.Supp.2d at 975-76. If, as

22 is the case here, the plaintiff complies with the first prong, the Court must then

23 assess and compare the magnitude of the harms that would be caused if the

24 defendant's identity is revealed, primarily whether identification will harm the

25 defendant's First Amendment and privacy rights. *Id.* at 976. *Highfields Capital*

26 does not require evidence of the plaintiff's attempt to locate the unknown

27 defendant, as is required under *Dendrite*. However, Plaintiff has nonetheless

28 provided that evidence.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 7 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1    As Plaintiff already has demonstrated, Does' video is not protectable First

2    Amendment speech and, as such, the Court need not apply the *Highfields Capital*

3    analysis, or any similar test, in this case. And certainly the Court is not obligated to

4    apply the four-factor *Dendrite* test. Plaintiff has nevertheless demonstrated that it

5    has complied with either such test, so the discovery should be permitted.

6    **C.    The Court Should Reject Amici's Request for Additional Notice.**

7    As they attempt to do with the trademark infringement analysis, Amici seek

8    to create a new, unnecessary and improper standard under the *Dendrite* test. As

9    noted, this Court is not obligated to apply *Dendrite* or its notice provisions;

10   nonetheless, Amici "suggest that the Court consider directing Google and Twitter to

11   provide email notice." Amici Brief, p. 5. Amici cite no cases or statutes that

12   require or even imply that such an additional burden is required or appropriate.

13   Amici concede that Plaintiff provided notice to the Does through both Twitter and

14   YouTube and that Plaintiff's notice was "the best it can" provide. Amici Brief, p.

15   5. There simply is no legal basis for Amici to request an additional obligation,

16   which serves no purpose other than to create a new hurdle that Amici can argue

17   should be required in future cases into which it intervenes.

18   **D.    Plaintiff Has Properly Pled the Elements of its Defamation Claim.**

19   Amici claim that Plaintiff fails to allege that the defamatory communication

20   was made with actual malice and is "of and concerning" Plaintiff. Amici Brief, p.

21   6. Both allegations are false.

22   Contrary to Amici's assertions, Plaintiff alleges the subject communications

23   were made "with malice." Complaint, ¶ 41. Further, Plaintiff has met the "of and

24   concerning" requirement. Plaintiff alleges that the publication refers to the Paul

25   Committee, stating, "The Video falsely portrays Plaintiff as unscrupulous,

26   xenophobic and underhanded, and seeks to portray Plaintiff as willing to engage in

27   any unlawful means to support the candidate Ron Paul." *Id.*, ¶ 38. *See Blatty v.*

28   *New York Times Co.*, 42 Cal.3d 1033, 1042 (1986) ("In defamation actions the First

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

RPP/512280.1

- 8 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

1  Amendment requires that the statement on which the claim is based must

2  specifically refer to, or be 'of and concerning,' the plaintiff in some way.").

3  Impersonating Plaintiff with the intent that the public take action or form opinions

4  based on the false belief that Plaintiff has taken a particular position is necessarily

5  "of and concerning" Plaintiff.  There is no merit to Amici's assertion that Plaintiff

6  has not adequately stated a defamation claim.

7        **E.     Plaintiff Never Suggested that the Court Should Not Review the**

8              **Video.**

9        Amici allege that Plaintiff "never respond[ed]" to their suggestion that the

10  Court should consider the offensive video.  Amici Brief, p.6.  In fact, Plaintiff

11  included a link to the video – Grow Decl., p. 5 – and quoted extensively from the

12  video in its filings and supporting Benton declaration.  Plaintiff clearly has pointed

13  the Court to the video, and never objected to the Court considering its contents.

14        **F.     The Court Should Reject Amici's Equity Argument.**

15        Amici's allegations regarding Plaintiff's intent and candor are particularly

16  offensive.  Amici assert Plaintiff showed a "lack of candor" by failing to cite

17  *Dendrite* as "controlling law" and, although Amici do not cite relevant precedent,

18  they claim the Court should consider this factor when balancing the equities under

19  *Dendrite*.  Amici Brief, p. 6.

20        *Dendrite* is a New Jersey state appellate court decision, which has no

21  controlling effect in California.  The fact that some judges in the Northern District

22  of California cited the case does not mean that *Dendrite* necessarily applies in all

23  cases in the district, or that failure to reference the case is an indication of

24  deception.  Indeed, in her initial order regarding Plaintiff's prior ex parte

25  application, Mag. Judge James did not cite *Dendrite* or the Northern District cases

26  that cited *Dendrite*.

27        In addition, given the detailed legal arguments asserted by both sides, there is

28  a good faith dispute whether *Dendrite* has any applicability in the present case.

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 9 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1

1   Even Amici admit that the Ninth Circuit "does not determine the precise standard to

2   be applied in future cases," so Amici focus on what they admit is only dictum.

3   Amici's Memo. Addressing the Proper Standard for Early Discovery to Identify

4   Anonymous Speakers (Docket No. 9-1), pp. 8-9 (citing *Anonymous Online*

5   *Speakers*).  It is patently offensive for Amici to assert that Plaintiff acted in bad

6   faith by electing not to cite to non-applicable authority from the New Jersey state

7   appellate court, and to then suggest that Plaintiff's decision is a concession that the

8   ex parte application is not equitable, when Amici admit that no actual standard

9   exists in this District.

10  **III.   CONCLUSION**

11          Plaintiff has presented ample reasons why its ex parte application should be

12  granted.  It has alleged the elements of multiple torts, and has provided evidence of

13  actual confusion created by the Does' wrongful conduct.  Amici respond not by

14  addressing the evidence, but by incorrectly asserting that the Northern District and

15  Ninth Circuit have adopted specific standards that the Court should apply.  Those

16  standards do not apply in this type of case, but even if they did, Plaintiff has shown

17  that it has satisfied the hurdles set forth in those standards.  For the reasons

18  presented, the Court should grant Plaintiff's application and allow it to serve

19  simple, basic discovery aimed at nothing more than determining the identity of the

20  defendants.

21  Dated:   February 29, 2012                    Respectfully submitted,

22                                                ARENT FOX LLP

23

24                                                By: /s/ Jerrold Abeles
                                                  JERROLD ABELES
25                                                DAVID G. BAYLES

26                                                Attorneys for Plaintiff
                                                  RON PAUL 2012 PRESIDENTIAL
27                                                CAMPAIGN COMMITTEE, INC.

28

ARENT FOX LLP
ATTORNEYS AT LAW
LOS ANGELES

- 10 -

REPLY SUPPORTING EX PARTE
APP FOR EXPEDITED DISCOVERY
CASE NO. CV-12-0240-MEJ

RPP/512280.1